# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | Case No. 11-11754 (SCC) |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| | ) | |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | |
| | ) | Adversary No. 11-01846 (SCC) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACP MASTER, LTD.; AD HOC GROUP OF VITRO NOTEHOLDERS; AURELIUS CAPITAL MASTER, LTD.; AURELIUS CONVERGENCE MASTER, LTD.; ELLIOTT INTERNATIONAL L.P.; THE LIVERPOOL LIMITED PARTNERSHIP; and DOES 1-1000, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED TEMPORARY RESTRAINING ORDER

Upon the motion dated April 26, 2011 (the "<u>Motion</u>")[1] of Alejandro Francisco Sánchez-Mujica, as the Foreign Representative of the above-captioned debtor, Vitro, S.A.B. de C.V. ("<u>Vitro SAB</u>"), the debtor in (a) the Voluntary Mexican Proceeding commenced on December 13, 2010 under the Mexican Business Reorganization Act and currently pending before the District Court of Nuevo León, and (b) this Chapter 15 Case, pursuant to sections 105(a), 1507(b), 1519(a) and 1521(a)(6) of the Bankruptcy Code and Federal Rule 65, made applicable to this proceeding through Bankruptcy Rule 7065, for a temporary restraining order and preliminary injunction, as set forth more fully in the Motion; and upon the Court's review and consideration

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the (i) Verified Complaint for Temporary Restraining Order and Injunctive Relief; (ii) Declaration of Risa M. Rosenberg in Support of Motion for Temporary Restraining Order and Preliminary Injunction, as supplemented by the Supplemental Declaration of Risa M. Rosenberg in Support of Motion for Temporary Restraining Order and Preliminary Injunction; (iii) Declaration of Homer D. Parkhill in Support of Temporary Restraining Order and Preliminary Injunction; (iv) Declaration of Alejandro Francisco Sánchez-Mujica, as Foreign Representative of Vitro, S.A.B. de C.V., in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Request for Related Relief; and (v) Declaration of Alonso Rivera Gaxiola, as Mexican Counsel to Vitro, S.A.B. de C.V., in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Request for Related Relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and the relief granted herein being within the scope of relief Vitro SAB is permitted to request and this Court is permitted to grant in accordance with the order (the "Lift Stay Order") issued by the Texas Bankruptcy Court on April 26, 2011, notwithstanding the stay of proceedings generally in the Chapter 15 Case currently imposed by operation of Bankruptcy Rule 1014(b); and the Court being satisfied that the Motion, the Verified Complaint, the U.S. Counsel Declaration, Rothschild Declaration, the Foreign Representative Declaration, and the Mexican Counsel Declaration demonstrate good and proper cause pursuant to Local Bankruptcy Rule 9077-1(b) and Federal Rule 65(b)(1) for issuance of this order; and the Court having determined that the relief sought in the Motion is in the best interests of Vitro SAB, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and based upon the record of the April 28, 2011 hearing before the Court on the Motion (the "Hearing"), and after due deliberation and sufficient cause appearing therefor it is, on a preliminary basis and without prejudice to this Court's decision or any party's arguments with respect to the motion for preliminary injunction or the petition for recognition, hereby

**FOUND**, that:

1. The Foreign Representative commenced a case on behalf of Vitro SAB pursuant to chapter 15 of the Bankruptcy Code;

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and venue is proper pursuant to 28 U.S.C. § 1410;

3. The relief granted herein is within the scope of relief Vitro SAB is permitted to request and this Court is permitted to grant in accordance with the Lift Stay Order;

4. This Court, pursuant to sections 105(a) and 1519 of the Bankruptcy Code, Federal Rule 65, and Bankruptcy Rule 7065, may issue any order as may be necessary or appropriate to carry out the applicable provisions of the Bankruptcy Code, including but not limited to issuing a temporary restraining order; and

5. The relief requested in the Motion includes, among other things, entry of an order temporarily restraining the commencement or continuation of any and all litigation (including the NYS Actions) or actions to collect (including pursuant to the Attachment Orders), in any jurisdiction within the United States or its territories (collectively, the "Actions"), against Vitro SAB and the Old Guarantors that are not already protected by the automatic stay under section 362 of the Bankruptcy Code (the "Protected Guarantors" and, together with Vitro SAB,

3

the "Protected Parties") or their Property[2] by (i) all holders of the 11.75% Senior Notes due 2013 (the "2013 Notes"), issued by Vitro SAB on October 22, 2003; (ii) all holders of the 8.625% Senior Notes due 2012 (the "2012 Notes") issued by Vitro SAB on February 1, 2007; (iii) all holders of the 9.125% Senior Notes due 2017 (the "2017 Notes"), issued by Vitro SAB on February 1, 2007; (iv) the indenture trustees under each of the indentures governing the 2013 Notes, 2012 Notes, and 2017 Notes; (v) all holders of the *Certificados Bursátiles* notes issued by Vitro SAB on February 13, 2003; (vi) all holders of the *Certificados Bursátiles* notes issued by Vitro SAB on July 2, 2008, (vii) all holders of the promissory note issued by Vitro SAB in favor of ABN Amro Bank, N.V. on September 29, 2008; (viii) all holders of the promissory notes issued by Vitro SAB in September 2010 in settlement of certain causes of action relating to derivative financial instruments; (ix) all direct and indirect subsidiaries of Vitro SAB (except each subsidiary of Vitro SAB who is subject to a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Texas) who hold intercompany claims against Vitro SAB or another direct or indirect subsidiary of Vitro SAB; (x) Fintech Investments Ltd. and Fintech Advisory Ltd. with respect to any obligations not described in the foregoing that are owed to either of them by any Protected Party; and (xi) the respective agents, attorneys and persons acting in concert or participation with any of the foregoing (collectively, the persons described in (i) through (xi), the "Creditors"). For the avoidance of doubt, as to each subsidiary of Vitro SAB who is subject to a pending bankruptcy case in the United States Bankruptcy Court for the Northern District of Texas (the "Texas Bankruptcy Court"), such subsidiary shall not be a Protected Party hereunder for so long as its bankruptcy case remains pending, and the Creditors

---

[2] A party's "Property" shall mean any of its property wheresoever located within the United States or its territories, and whether held by such party in whole or in part, directly or indirectly, as principal or as nominee, beneficially or otherwise, and without limiting the generality of the foregoing, including any and all real property, personal property and intellectual property of the party, and any and all securities, instruments, debentures, notes or bonds issued to, or held by or on behalf of such party.

4

may continue to prosecute the bankruptcy cases against such subsidiaries in the Texas Bankruptcy Court and may take any appeals from orders and judgments in such cases that they would otherwise be permitted to take.

6. Vitro SAB and Crédit Agricole Corporate and Investment Bank ("CACIB") have entered into a forbearance stipulation in the form annexed hereto as Exhibit A with regard to CACIB's claims against Vitro Envases Norteamérica, S.A. de C.V. arising from settlement of certain causes of action relating to derivative financial instruments (the "CACIB Stipulation").

7. Vitro SAB will suffer irreparable harm unless the Creditors are temporarily restrained from initiating or continuing any Action against the Protected Parties and/or their Property pending a further hearing on the Motion as provided herein;

**ACCORDINGLY**, based upon the foregoing, and after due deliberation and sufficient cause appearing therefor for the reasons stated by the Court on the record of the Hearing, it is hereby:

**ORDERED** that, pursuant to sections 105(a) and 1519(a) of the Bankruptcy Code, Federal Rule 65 and Bankruptcy Rule 7065, pending a hearing and determination of Vitro SAB's request for a preliminary injunction, effective immediately and subject to the terms hereof (as set forth in the other decretal paragraphs hereof, including the fourth decretal paragraph as to the stay of the Attachment Orders), all Creditors are hereby enjoined from commencing or continuing any and all Actions in any jurisdiction within the United States or its territories against the Protected Parties or their respective Property, including:

>  (1) the commencement or continuation of a judicial, administrative, or other action or proceeding against any Protected Party, including the issuance or employment of process, that was or could have been commenced before the commencement of the Chapter 15

(1) Case, or to recover (including pursuant to the Attachment Orders) a claim against any Protected Party that arose before the commencement of the Chapter 15 Case;

(2) the enforcement, against any Protected Party or against Property of any Protected Party, of a judgment (or a prejudgment remedy, including the Attachment Orders) obtained before the commencement of the Chapter 15 Case;

(3) any act to obtain possession of Property of any Protected Party or of Property from any Protected Party or to exercise control over Property of any Protected Party, including pursuant to the Attachment Orders;

(4) any act to create, perfect, or enforce any lien against Property of any Protected Party;

(5) any act to create, perfect, or enforce against Property of any Protected Party any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 15 Case;

(6) any act to collect, assess, or recover a claim against any Protected Party that arose before the commencement of the Chapter 15 Case, including pursuant to the Attachment Orders; and

(7) the setoff of any debt owing to any Protected Party that arose before the commencement of the Chapter 15 Case against any claim against such Protected Party.

The foregoing TRO shall expire by its terms at 11:59 p.m. (prevailing Eastern Time) on May 12, 2011, unless further extended by order of the Court. For the avoidance of doubt, nothing in this Order prohibits any party from taking any actions against any protected Party or Property of any Protective Party outside the territorial jurisdiction of the United States and its territories,

**ORDERED** that, all proceedings in the lawsuit commenced by Vitro SAB on April 26, 2011 in the Supreme Court of the State of New York (Index No. 650997/2011) are hereby stayed, and all applicable periods for responsive pleadings or other filings or proceedings in such lawsuit shall be tolled, so long as this TRO remains in effect.

**ORDERED** that, to the extent any Old Guarantor has lost, or loses, the protection of the automatic stay during the pendency of the Chapter 15 Case, such Old Guarantor shall be deemed a Protected Guarantor and shall be granted the protection of the TRO.

**ORDERED** that, in accordance with the foregoing, notwithstanding the Attachment Orders, all Garnishees shall be directed in such form and manner as applicable local authority may require, (a) from and after the date of entry hereof until May 12, 2011 at 11:59 p.m. (prevailing Eastern time), unless otherwise ordered by this Court, to remit all payments that become due after the date hereof to the applicable Protected Parties in accordance with the ordinary practices that existed between each such Garnishee and the applicable Protected Party prior to their being served with the applicable Attachment Order, and (b) to continue to withhold in accordance with the applicable Attachment Order all payments that became due prior to the date hereof and not remit such payments to any Protected Party.

**ORDERED** that, nothing in this TRO is intended to, nor shall it extend beyond the scope of relief granted by the Lift Stay Order;

**ORDERED** that Vitro SAB hereby is authorized to enter into and perform the CACIB Stipulation;

**ORDERED** that the Creditors, or any other party affected by the entry of this Order, are directed to file any papers in opposition to the Motion and/or Vitro SAB's request for a preliminary injunction with this Court (with a copy to chambers) and to serve on (i) counsel to Vitro SAB, Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, One Chase Manhattan Plaza, New York, New York, 10004, Attn: Dennis F. Dunne, Esq. and Andrew M. Leblanc, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004, Attn: Richard C. Morrissey, Esq., (iii) counsel to the Steering Committee,

White & Case LLP, 1155 Avenue of Americas, New York, NY 10036, Attn: J. Christopher Shore, Esq., (iv) counsel to Fintech, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lindsee P. Granfield, Esq., (v) counsel to Elliott, Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036-6797, Attn: Glenn E. Siegel, Esq., Dennis H. Hranitzky, Esq. and Jeffrey T. Mispagel, Esq., (vi) counsel to Aurelius, Friedman Kaplan Seiler & Adelman LLP, 1633 Broadway, New York, New York 10019, Attn: Edward A. Friedman, Esq., Jeffrey C. Fourmaux, Esq. and Christopher L. McCall, Esq., (vii) counsel to U.S. Bank National Association, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109, Attn: Jeanne P. Darcey, Esq., Richard Hiersteiner, Esq. and Amy A. Zuccarello, Esq., (viii) Wilmington Trust FSB, 166 Mercer Street, Suite 2-R, New York, NY 10012-3249, Attn: Adam Berman, (ix) counsel to Wilmington Trust, Hogan Lovells US LLP, 875 Third Avenue, New York, NY 10022, Attn: Robin Keller, Esq. and Scott Reynolds, Esq., (x) proposed counsel to the Official Committee of Unsecured Creditors of Vitro America, LLC, Super Sky Products, Inc., Super Sky International, Inc. and VVP Finance Corporation, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Michael S. Stamer, Esq. and Abid Qureshi, Esq., and, insofar as it pertains to or affects the CACIB Stipulation, (xi) counsel to CACIB, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019, Attn: Andrew Brozman, Esq. and Wendy Rosenthal, Esq., so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on May 9, 2011.

**ORDERED** that a hearing on the Motion and request for preliminary injunctive relief will be held on May 12, 2011 at 10:00 a.m. (prevailing Eastern time), unless the Motion to Transfer Venue pending in the Texas bankruptcy Case is granted before such time.

**ORDERED** that Vitro SAB shall serve a copy of this Order upon all known Creditors by first class mail, postage, prepaid, no later than May 2, 2011.

**ORDERED** that all respective rights, claims, defenses, arguments, issues, and legal positions, including with regard to discovery, of the Protected Parties, the Creditors, and all other parties in interest are fully reserved and preserved with respect to any or all matters that may arise in connection with the Chapter 15 Petition and the Motion.

**ORDERED** that neither this TRO nor any resolution on the Motion (insofar as it applies to the TRO) shall have any impact on the Texas Bankruptcy Court's consideration of the Venue Transfer Motion.

**SO ORDERED** as of
    April 28, 2011
    8:15 P.M. (prevailing Eastern Time)


        /s/ Shelley C. Chapman
        THE HONORABLE SHELLEY C. CHAPMAN
        UNITED STATES BANKRUPTCY JUDGE